IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRY REYNOLDS                                                                                   PLAINTIFF

v.                        Civil No. 2:22-cv-02085-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF Nos. 22, 23). On January 4, 2023, Plaintiff filed said motion, requesting $6,167.00, representing: a total of 21.45 attorney hours for work performed in 2022, at an hourly rate of $203.00; 1.00 attorney hours in 2023, at a rate of $206.00 per hour; and 4.40 paralegal hours, at an hourly rate of $75.00. (ECF No. 22-2). On January 17, 2023, the Commissioner filed a response objecting to Plaintiff's fee calculation, as well as some of the attorney hours requested. (ECF No. 23).

### I.   Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for attorney time and hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost

of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, as indicated by the Defendant, the Plaintiff has miscalculated his fee request. Utilizing the hours and hourly rates requested by the Plaintiff, the actual total fee is $4,890.35.

The Commissioner argues that Plaintiff is not entitled to the 2.75 attorney hours he has requested for drafting the Complaint on May 25, 2022. We agree that the time requested to for the completion of this task is excessive. As posited by the Defendant, the Compliant is a standard two-page document filed in every social security case and should have taken counsel no more than .50 attorney hours to prepare. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) (holding the party requesting EAJA fees has the burden of "showing that the claimed rate and number of hours are reasonable"). Accordingly, we will reduce the total number of attorney hours awarded by 2.25 attorney hours.

Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of **$4,433.60**. This figure is the sum of $3,897.60 (19.20 attorney hours in 2022 x $203.00) + $206.00 (1 attorney hour in 2023 x $206.00) + $330.00 (4.40 paralegal hours x $75.00).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$4,433.60** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 16th day of March 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE